IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-77,395-01






EX PARTE JUSTIN TEVIS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 19793 IN THE 88TH JUDICIAL DISTRICT COURT


FROM HARDIN COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to burglary of a
habitation and originally received deferred adjudication community supervision. His guilt was later
adjudicated, and he was sentenced to five years' imprisonment. He did not appeal his conviction.

 Applicant contends that his trial counsel rendered ineffective assistance because failed to
investigate or visit the scene of the alleged burglary and failed to advise Applicant of the elements
of the offense of burglary of a habitation. Applicant alleges that the building he entered was
abandoned, and that he did not take anything from the building. Applicant alleges that had he known
what the elements of burglary of a habitation were, he would not have pleaded guilty to the offense
in exchange for deferred adjudication community supervision. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order Applicant's trial counsel to submit an affidavit responding to Applicant's claims of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall first supplement the habeas record with copies of the plea papers in this
case, specifically the admonishments and any stipulations, judicial confessions, or plea agreements
signed by Applicant. The trial court shall then make findings of fact as to whether Applicant was
advised of the elements of the offense of burglary of a habitation, and whether there was evidence
introduced to support the plea. The trial court shall make findings as to whether the performance
of Applicant's trial attorney was deficient and, if so, whether counsel's deficient performance
prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of
law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus
relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: April 25, 2012

Do not publish